### COX vs. BALDWIN.

The legal subrogation which is created by payment made by a debtor, who being bound with or for another, has an interest in discharging the debt, is as extensive as any express subrogation.

APPEAL from the court of the first district.

The commercial firm of Beale & Baldwin, which once existed in Kentucky, (and of which the defendant was a partner,) became indebted to Andrew Eliot and Co. of Philadelphia, in the sum of one thousand five hundred and eighty-five dollars and five cents, and upon the dissolution of the firm of Beale & Baldwin, Beale assumed the payment of the partnership debts,

After a judgment had been recovered against Beale alone, for the amount, one of the Eliots applied to the defendant, Baldwin, for pay-

Cox
*vs.*
BALDWIN.

ment of their debt, and was answered that he would accept a draft from Beale for the amount. Beale accordingly drew a bill of exchange on the defendant, in favor of George Eliot, which was endorsed over to Andrew, who presented it to the drawer, and upon his refusing to accept, the bill was protested. Beale afterwards coming to New-Orleans, a bail writ was sued out against him as drawer of the bill, by Andrew Eliot, and Hawkins and McLean became his bail.

Beale having failed to pay the judgment obtained by Eliot, in May, 1822, proceedings were instituted against Hawkins & McLean, and judgment entered up against them for one thousand five hundred and eighty-five dollars and five cents, one half of which was paid by Hawkins.

McLean being insolvent, and execution having issued against Hawkins for the remainder of the debt, he obtained an injunction, and Cox, the plaintiff, became his surety on the injunction bond. Hawkins dying soon after insolvent, the injunction was dismissed, and Eliot having obtained judgment against Cox on the injunction bond, he was compelled to pay the remainder of the debt.

The petition concluded with a prayer, that as the debt for which the said Beale was originally held to bail, was a debt due by a commercial firm, of which the said Beale and the defendant, Baldwin, were the partners, and for which they were bound in *solido*, and inasmuch as by the payment of said debt, the plaintiff had been subrogated to the rights of the creditors, that the defendant might be condemned to pay him the amount claimed, with interests and costs.

There was judgment for the plaintiff and the defendant appealed.

*McCaleb*, for appellant, contended:

1. That when Andrew Eliot & Co. received the bill drawn by Beale in favor of a third person, (George Eliot,) and George Eliot transferred said bill to another third person by endorsement, (to wit, Andrew Eliot,) that he (A. Eliot,) swearing that the amount was due to *him*, sued upon *the bill*; obtained judgment and satisfaction of the bill, that the open account becamed merged in the bill, and that there was a novation of the debt. If a novation, then Baldwin is not bound, for it is one of the ways by which an obligation is extinguished.

Here a *new debt* was contracted, which was substituted for the old one. A *new debtor* was substituted to the old one who was discharged, and a new creditor is substituted to the old one with regard to whom the debtor is charged. Old Code, p. 296, art. 173, sec. 1: 1 Evans Pothier, 390, 391; 12 Johns. Reps. 409; 11 Johns. Reps. 520; 5 Term Reps.; 7 Toulier, 335, Nos. 276, 277.

2. If there was no novation, yet the defendant contends that the plaintiff has never been subrogated to any rights which can make him liable to pay him—perhaps not even to rights against Beale. Old Code p. 288, art. 149, 151; 7 Toulier, p. 119, No. 97; Merlin questions de droit.

3. If plaintiff be subrogated to rights of Andrew Eliot and Co. upon Hawkins, and through Hawkins subrogated to rights upon Beale: still defendant is not liable to pay plaintiff, for he shows that Beale never could recover against him, defendant, because, at the dissolution of the partnership, Beale assumed the common debts; and because if he had not, Baldwin now holds Beale's notes, (spread upon the record,) which he could plead in compensation if he were sued by Beale.

*Strawbridge*, for appellee, contended:

1. Subrogation takes place of right for him, who being bound for others, or with others, has an interest in discharging the debt. Old Code, 290, art. 151; New Code, 2157; 7 Toulier, 191, No. 147; rights of surety against principal, whether with or without his knowledge. New Code, 3007-9, 3021-2; Old Code, 430, art. 14, 15; 7 Toulier, No. 147-8.

Subrogation equivalent to cession, 7 Toulier, p. 147, No. 119; transfers all accessaries, 7 Toulier, p. 147, No. 120; 4 New Code, 2615.

2. Novation not presumed, must be expressed: no performance of Baldwin's engagements, therefore no novation. Evans Pothier, p. 390; Old Code, p. 196, art. 173, 182; New Code, 2185, 2194; 8 Martin Reports, 422; n. s. 144.

3. Baldwin's engagement to accept was subsequent to the dissolution and agreement with Beale: a promise to accept before bill drawn, is, under circumstances, an acceptance. Chitty, 217, 8, 9; Bailey, 103, 4, 5.

PORTER, J. delivered the opinion of the court. A. Eliot having obtained a judgment against Beale, proceeded against Hawkins, who was his bail. Hawkins procured an in-

Eastern District. junction, giving Cox, the present plaintiff, as
*May*, 1830. his surety.   The injunction being dissolved,

Cox
*vs.*
BALDWIN. and Hawkins dying insolvent, the plaintiff
paid Eliot the debt he had sued for.   This is
brought to recover from the defendant, who
was partner of Beale, the debt due by the firm
of Beale & Baldwin, which debt the plaintiff
alleges he discharged.

The general issue was pleaded; the plain-
tiff had judgment, and the defendant ap-
pealed.

The statement of facts show, that a com-
mercial partnership existed between Beale
and the defendant in Kentucky, and they
contracted a debt to Andrew and George
Eliot, for which George Eliot received
judgment against Beale alone in Kentucky.

The partnership between Beale and the
defendant was dissolved on the first day of
December, 1818.   Beale assumed the pay-
ment of all the debts of the firm, and the de-
fendant receiving $3287 in cash and notes,
transferred all his rights in the concern to
Beale.

In the same month, or soon after, the de-
fendant was applied to for payment of the
debt due to the Eliots, and he referred the

applicant to Beale, saying that Beale had

funds to pay the debt, but that he, the defendant, would accept Beale's draft therefor. A draft was accordingly obtained on the 20th February, 1820, payable to the order of George Eliot, who indorsed it to Andrew. The defendant refused to accept it, and suit was brought against Beale, on which Hawkins became bail.

On this, the plaintiff's counsel contends, that his client, having as surety of Hawkins, the bail of Beale, paid to Eliot a debt, for which the defendant was bound in *solido* with Beale; he has been subrogated to the rights of the creditors, who received his money, and consequently may exercise them against the defendant.

By the article 151 of the *Old Code,* under which this transaction arose, subrogation takes place of right, for the benefit of him who being bound with others, or for others, for the payment of the debt, had an interest in discharging it. *C. Code.*

Art. 152 provides, that the subrogation takes place as well against the securities, as against the debtors.

Eastern District.
*May*, 1830.

Cox
*vs.*
Baldwin.

The plaintiff argues, in becoming bound for the partner of the defendant, I became bound for him. It was the same debt. I had an interest in discharging it, and the moment I did so, I became subrogated to all the rights of the creditor. He could have sued the defendant, and I of course can. The legal subrogation stands in place of the conventional. It is the same thing as if I had obtained an express subrogation of all the creditors' rights. There is no difference between a sale of the debt by the creditor, and a payment by one of the parties bound for it.

The defendant answers, you were never bound for me, nor with me. You became surety for the bail of my partner, which was a distinct engagement. Had I been sued on this debt, you could not have been sued with me as my surety. If an action had been brought against you, you could not have pleaded discussion of my property. When there are several debtors in *solido*, any one of them may give distinct sureties, and in such case they are not bound with, nor for the co-obligor. My partner is largely indebted to me: had he paid the debt I could

have pleaded compensation to his demand: you cannot, by discharging a debt due by him, acquire greater rights than he could by making payment.

The ground assumed by the defendant is apparently supported by Pothier, "When (says he,) the surety is only bound for one, of the debtors in *solido*, and not for the other, the surety, after he pays the debt, has only a direct action against him for whom he bound himself. He can only, as exercising the rights of his debtor, put in force those which that debtor might exercise against his co-debtors, and in the same manner. *Pothier, on Obligations*, 441.

At the time *Pothier* wrote, the co-debtor or surety, who paid the debt, might take a subrogation, but if he did not, there was no legal one. He was driven to the action *mandati contraria;* if he paid by the consent express or implied, of the principal debtor, or the action *contraria negotiorum gestorum*, if he paid without. We apprehend it is in relation to the right acquired by payment, without subrogation, the author is treating in the passage above cited; for in No. 427, he expressly states, that the surety, when

he pays, may require of the creditor to subrogate him to all his rights, actions and hypothecations, as well against the principal debtor, for whom he has become surety, as against all the other persons who are liable for the debt.

The legal subrogation which is created by payment made by a debtor, who being bound with or for another, has an interest in discharging the debt, is as extensive as any express subrogation.

The legal subrogation which is now created by payment made by a debtor, who being bound with, or for another, has an interest in discharging the debt, is as extensive as any express subrogation could be. The enquiry then is, was the plaintiff bound with the defendant, or for the debt he owed? We think he was. The obligation he came under, as surety on the bond given to obtain an injunction, gave him an interest in discharging the debt due by Beale & Baldwin, and it appears the payment made by him, did discharge it.

As to the other ground of defence, that the debt was novated, we do not see any force in it. The bill was taken in a country where the common law is in force, and the debt was contracted under the same system. We understand it to be a very clear principle, in that jurisprudence, that the acceptance of a note or bill of exchange, does not extinguish the debt it is given to discharge.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.