## TARDY *v.* ALLEN et al.

One who, having bound himself as bail for the defendant, in an action by a passenger against the master of a ship for the value of property lost through the neglect of the officers and crew, is compelled to pay the amount of the judgment obtained against the master, will be subrogated to the judgment so paid by him and its incidents, and will have the recourse which the master would have against the owners of the ship had he paid the judgment; but he will not be subrogated to the original cause of action resulting from the neglect of the master, so as to affect other parties by his having paid the judgment against the latter, and to entitle him to recover the amount paid from the owner of the ship.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Hornor*, for the appellant. *Winthrop* and *Watts*, for the defendants. The judgment of the court was pronounced by

EUSTIS, C. J. *Heald*, a passenger on board the ship Deucalion, from Boston to Mobile, sued the defendant *Allen*, who was master of the ship, for the sum of $300, being the value of the contents of a chest lost in the bay of Mobile, through the carelessness and neglect of *Allen* and others, the crew of said ship, and recovered judgment for the amount in the county court of Mobile county, Alabama. The plaintiff was *Allen's* bail, and was condemned to pay the amount of the judgment and costs, which he accordingly paid ; the judgment and costs ammounting to $357. The plaintiff, as subrogated by the effect of law to the rights of *Heald* depending on the original cause of action resulting from the neglect of *Allen*, has brought his action against him and also the owner of the ship. There was judgment against *Allen* and in favor of the owner, and the plaintiff has appealed.

We held recently in the case of *Trent* v. *Calderwood*, 2 Ann. R. 942, that a surety on a twelve month's bond on paying it was subrogated to all the rights of the creditor against the debtor in the bond, but that he acquired no rights whatever beyond the contract to which he was a party, and none consequently in the judgment under which the property was sold for which the bond was given. This decision was founded upon the consideration that the third para-

TARDY
*v.*
ALLEN.

graph of article 2157 of the Code, which provides that subrogation takes place of right for the benefit of him who being *bound with others,* or *for others, for the payment of the debt* had an interest in discharging it, related to those who were originally bound by the contract; and that where a party made a separate contract of suretyship, or the like, in favor of one of the persons thus originally bound, the contract was personal, or applicable only to him, and gave the party thus contracting no rights under the primitive contract except those which belonged to the original debtor. Thus *Tardy,* by paying the judgment against *Allen,* would be subrogated to the judgment which he paid and its incidents, and would have the recourse which *Allen* would have against the owners of the vessel had he paid the judgment. Our views on this subject did not concur with those entertained by the Supreme Court in the case of *Cox* v. *Baldwin,* 1 La. 408. The decision in the case of *Trent* v. *Calderwood,* was founded on the authority of Pothier on Obligations, § 441 and 519, and 7 Toullier, 147, 148.

As it is not necessary for the decision of this case, nothing farther need be said in respect to our own jurisprudence on this subject. It was deemed advisable to notice the case of *Trent* v. *Calderwood,* as it was decided in the western district, and has not yet been reported. [Since published, see 2 Ann. R. 942.]

The contract of bail was entered into, and the judicial proceedings were all had, in the State of Alabama, in which the common law prevails. We have examined the authorities referred to by the counsel for the plaintiff, but do not find that they support the principle contended for by him. We are of opinion that the subrogation to the original cause of action did not inure to the plaintiff, so as to effect other parties by his paying the judgment against *Allen.* The judgment rendered in favor of the plaintiff against *Allen* is not complained of; and we think the District Court did not err in rendering judgment for the owner of the ship. *Judgment affirmed.*